UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIJUANA L. CANDERS,

                Plaintiff,

     -against-

R. NEGRON, *et al.*,

                Defendants.

20-CV-5347 (LLS)

ORDER

---

LOUIS L. STANTON, United States District Judge:

     Plaintiff, who proceeds *pro se* and *in forma pauperis*, initiated this action by filing a complaint on July 9, 2020. By order dated August 17, 2020, the Court granted Plaintiff leave to file an amended complaint to assert claims under the Individuals with Disabilities Education Act ("IDEA") and transferred Plaintiff's claims brought against Defendant M. Legree to the United States District Court for the Eastern District of New York. (ECF 5.) Plaintiff did not submit an amended complaint, and on November 13, 2020, the Court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. The Clerk of Court entered judgment on November 16, 2020.

     Plaintiff appealed the order of dismissal and judgment. (ECF 9, at 2.) The Court of Appeals for the Second Circuit dismissed Plaintiff's appeal, effective January 13, 2021. (ECF 10.) The mandate issued on February 16, 2021. (*Id.*)

     On January 4, 2023, Plaintiff filed a notice of motion seeking leave to file this action under seal "for protection of minor children." (ECF 12.) For the following reasons, the Court denies the request.

## DISCUSSION

Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599 (footnote omitted).

The United States Court of Appeals for the Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the Court must determine whether the document is indeed a "judicial document," to which the public has a presumptive right of access. *Id.* at 119. Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted).

Second, if the Court determines that the materials to be sealed are judicial documents, then the Court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

Finally, "the court must balance competing considerations against" the presumption of access. *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiff's arguments do not show that this case should be placed under seal. The documents submitted in this case are "judicial document[s]," to which the public is presumed to have a right of access. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (all pleadings, including a complaint, "are judicial records subject to a presumption of public access"). Moreover, the contents of these documents are not sufficiently extraordinary to outweigh the presumption in favor of public access to them. Plaintiff raised claims under the IDEA regarding her minor child's education, but she never identified her child by name or provided any other identifying description. Finally, this case does not present any competing considerations that warrant denying public access to the record. The Court therefore denies Plaintiff's motion to seal.

## CONCLUSION

The Court denies Plaintiff's motion to seal. (ECF 11)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 10, 2023
         New York, New York

                                                          _____
                                                          Louis L. Stanton
                                                          U.S.D.J.

3